UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAWN H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-0231 RSM

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to give adequate reasons for rejecting (1) Plaintiff's testimony regarding migraine headaches, and (2) the opinions of Gregory Maddox, M.D. Pl. Op. Br. (Dkt. 10), p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 52 years old, has a GED, and has worked as a service dispatcher, customer service clerk, and store laborer. Admin. Record ("AR") 25, 61, 215, 249. Plaintiff applied for benefits in 2016, alleging disability as of July 13, 2006, later amended to January 1, 2013. *See* AR 15, 61–62, 181–84. Plaintiff's applications were denied initially and on reconsideration. AR

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

61–65, 68–80, 82–94. After conducting a hearing on September 20, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 15–27, 34–60. In relevant part, the ALJ found Plaintiff had severe impairments of migraine/cluster headaches, and obesity. AR 17. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, with additional postural, social, and cognitive restrictions. AR 21. Plaintiff "could be expected to be off task for ten percent of the time but would still meet the minimum production requirements of the position." *Id.* She could be expected to miss one day of work per month. *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1. **Plaintiff's Testimony Regarding Migraine Headaches**

Plaintiff testified she gets debilitating headaches one to two times a week. *See* AR 44–

45, 233, 235, 257.  Plaintiff reported she can usually treat her pain with over-the-counter Tylenol or aspirin, or laying down in the dark.  *See also* AR 43–44, 235.  If that does not work, she will use Vicodin.  AR 43, 235.  She testified the Vicodin usually takes two hours to take effect.  *See* AR 45–46.  Plaintiff testified her medication makes her drowsy.  AR 44.  When she gets extremely bad headaches, they cause eye problems, nausea, vomiting, dizziness, and irritability.  *See* AR 235, 257.  If the Vicodin does not work, Plaintiff will go to the emergency room for treatment.  *See* AR 235.

Where, as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  The ALJ failed to meet this standard.

The ALJ first erred in rejecting Plaintiff's testimony based on his conclusion that Plaintiff's medication regimen was unusual, and that she showed evidence of drug-seeking.  *See* AR 22.  The ALJ noted Plaintiff's "migraines were managed with medications such as Vicodin, injections of Dilaudid, steroidal agents, Compazine, Toradol, and Benadryl."  *Id*.  The ALJ pointed out one provider noted this was "not ideal" for headache management, and another noted Plaintiff did not take typical migraine management medications.  *See* AR 22, 380, 606.  But Plaintiff cannot be faulted for taking the medications her providers prescribed or administered.  Plaintiff's doctor prescribed her Vicodin, presumably because he felt it was an effective medication.  *See* AR 392.  Emergency Department doctors administered Dilaudid and other medications because they determined these would effectively control Plaintiff's symptoms.  *See*

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

AR 360, 369, 608.

As to drug-seeking, the ALJ's conclusion is not supported by substantial evidence. The ALJ pointed to one note in the record, in which Plaintiff became upset at not getting her hydrocodone prescription a week early. *See* AR 22, 695–96. Plaintiff exhibited inappropriate behavior at this appointment, but the remainder of the record shows no evidence of drug seeking. Even after this appointment, Plaintiff's providers regularly noted she showed "[n]o addictive behavior, no red flags," and was "[n]ot opiate dependent." AR 659, 662, 665, 668, 670, 674, 676, 678, 681, 687.

The ALJ further erred in rejecting Plaintiff's testimony based on her inconsistent reports of headache frequency. The ALJ noted Plaintiff described her headaches as "intermittent" and reported "[n]o recent ER trips." AR 357, 453. Plaintiff's temporally vague statements are not inconsistent with her testimony, as she testified even her headaches that do not lead to an ER visit may take several hours to resolve. *See* AR 45–46; *see also* AR 494 ("She has been to ED twice because she can't get rid of headache at 2–3 days of effort"); 611 ("Every few months has headache not controlled with home medications").

The ALJ's analysis of Plaintiff's work history is similarly unconvincing as a reason for rejecting Plaintiff's testimony. The ALJ noted Plaintiff gave reasons for leaving jobs such as not being "the right fit," reported planning to get a job, and performed work-like activities in caring for a blind man, her husband, and her son during the disability period. *See* AR 23. Given the ALJ's errors with respect to his other reasons for rejecting Plaintiff's testimony, the Court is not confident the ALJ reasonably evaluated this evidence, or that Plaintiff's work history—standing alone—is a clear and convincing reason for rejecting her testimony. Consequently, the ALJ harmfully erred in rejecting Plaintiff's subjective symptom testimony.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 4

### 2. Dr. Maddox's Opinions

Dr. Maddox was Plaintiff's treating provider. *See* AR 392–458, 505–07, 511–12, 515–18, 545–47, 549–50, 552–54, 658–708. He completed a questionnaire from Plaintiff's counsel in June 2018. *See* AR 650–51. Dr. Maddox agreed counsel accurately summarized several findings and reports from treatment notes. *Id.* Dr. Maddox agreed treatment notes describing Plaintiff's migraines as "not intractable" meant the migraines were susceptible to control with medication or treatment, but did not address the severity or impact of the migraines prior to being brought under control through medication or treatment. *Id.* Dr. Maddox opined Plaintiff would probably miss three or more days of work per month due to her migraine headaches. *Id.*

The ALJ gave Dr. Maddox's opinions little weight. AR 24. The ALJ reasoned Dr. Maddox's opinions were unsupported by objective medical evidence because "[i]n almost every instance, Dr. Maddox circled his answer or checked a box." *Id.* The ALJ further reasoned Dr. Maddox's opinions were inconsistent with the overall medical evidence and Plaintiff's work history. *Id.*

An ALJ may only reject the uncontradicted opinions of a treating doctor by providing "'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If the treating doctor's opinions are contradicted, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ's reasons here fail under either standard.

The ALJ erred in rejecting Dr. Maddox's opinions as unsupported and inconsistent with the medical evidence. An ALJ errs when he rejects a treating doctor's opinions as unsupported—even when they are given in an otherwise unexplained check-box form—while

ignoring the doctor's treatment records.  *See Garrison*, 759 F.3d at 1013.   An ALJ further errs when he rejects a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion.  *Id.* at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).  The ALJ failed to adequately address Dr. Maddox's treatment records, and failed to explain how the overall medical evidence was inconsistent with Dr. Maddox's opinions.  *See* AR 24.  To the extent the ALJ intended to rely on his analysis of the medical evidence in relation to Plaintiff's testimony, that analysis was in error, as explained above.  It thus cannot support rejecting Dr. Maddox's opinions any more than it could support rejecting Plaintiff's testimony.

The ALJ also erred in rejecting Dr. Maddox's opinions based on Plaintiff's work history.  The ALJ's analysis here was the same as his analysis with respect to Plaintiff's testimony.  *See* AR 23–24.  That analysis fails here for the same reasons it failed with respect to Plaintiff's testimony.  The ALJ thus failed to provide valid reasons for rejecting Dr. Maddox's opinions, and harmfully erred.

**3.    Scope of Remand**

Plaintiff asks the Court to remand this matter for an award of benefits, but does not make any substantive argument in support of this request.  *See* Pl. Op. Br., p. 5.  Plaintiff has not shown "rare circumstances" exist that justify departing from the ordinary rule of remand for further proceedings.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony, and Dr. Maddox's opinions.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 31st day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE